UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HECTOR FIGUEROA-CORREA

CIVIL ACTION

VERSUS

NUMBER 12-54-BAJ-SCR

EUGENE BURLEIGH, III, ET AL

### ORDER TO AMEND NOTICE OF REMOVAL

Defendants Greyhound Line, Inc. and Illinois National Insurance Company removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. To establish diversity of citizenship, in the Complaint for Removal (hereafter, notice of removal) the defendants alleged that the plaintiff alleged "he is ... a resident of Louisiana," defendant Illinois National is "a foreign insurer," defendant Donald W. Fleming "is domiciled in the State of Texas," defendant Eugene Burleigh, III "is domiciled in the State of Texas," and defendant Progressive County Mutual Insurance Company "is a foreign insurer."[1] Removing defendants further alleged that since defendant Fleming has not been properly served his citizenship must be disregarded.[2]

When jurisdiction depends on citizenship, the citizenship of

---

[1] Record document number 1, ¶¶ II, VII and VIII. Defendants alleged that Pennsylvania National Mutual Casualty Insurance Company is a

[2] *Id.* ¶ VII.

each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).³ Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is incorporated and of the state in which it has its principal place of business.

Defendants' jurisdictional allegations are not sufficient to establish diversity jurisdiction. Plaintiff is alleged to be a "resident" of Louisiana. The state where a person is a resident is not always equivalent to the state of which it is a citizen. The better practice is to allege the state of which the person is a citizen. And although the state where a person is domiciled is frequently the same as the state of which the person is a citizen, this also is not always true. Again, the better practice is to allege the state of which the person is a citizen.

But most problematic is that the removing defendants did not allege the states of which defendants Illinois National and Progressive County Mutual are citizens. Describing each of these defendants as a "foreign" insurer might suffice in some circumstances, such as when the removing party would be expected to have some difficulty in determining where a corporation is incorporated and has its principal place of business. But here

---

³ *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

2

defendant Illinois National is a removing party and defendant Progressive County Mutual specifically consented to the removal. Surely, each knows in which states it is incorporated and where each has its principal place of business.

Therefore;

IT IS ORDERED that removing defendants Greyhound Line, Inc. and Illinois National Insurance Company shall have 14 days to file an Amended Notice of Removal which properly alleges the citizenship of the plaintiff and of defendants Illinois National Insurance Company, Eugene Burleigh, III, and Progressive County Mutual Insurance Company.

Removing defendants are not required to amend their notice of removal as to defendant Fleming at this time. Nevertheless they should do so to avoid having to further amended the notice of removal later.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, January 30, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE